In the Interest of L.N.M., M.N.M., A.J.M., A.P. M., T.M., Sa.M., D.S.M., A.F.M., and Se.M., Children.

No. 05–05–00708–CV.

Court of Appeals of Texas, Dallas.

Jan. 18, 2006.

Celeste Delorge Flippen, Plano, Suzanne Hansen Wooten, McKinney, John J. Pfister, Pfister & Associates, Frisco, for Appellant.

Shawn Richards, Rockwall, for Appellee.

Before Justices MORRIS, WHITTINGTON, and BRIDGES.

## OPINION

Opinion by Justice WHITTINGTON.

In this case, we must determine whether the trial judge erred in denying Miriam and Ronald Miller's March 7, 2005 bill of review. Because we conclude the trial judge did not err, we affirm the trial court's April 7, 2005 order denying the Millers' bill of review.

### Background

The Millers are the parents of nine children who were the subjects of a termination suit filed by the Texas Department of Protective and Regulatory Services. In an order dated February 20, 2004, the trial judge dismissed three of the children (L.N.M., M.N.M., and A.J.M.) from the suit and terminated the Millers' parental rights to A.P.M., Sa.M., and A.F.M. Regarding the remaining three children, T.M., D.S.M., and Se.M., the judge appointed the TDPRS permanent managing conservator. The judge found the Millers had "executed unrevoked or irrevocable affidavits of relinquishment of parental rights" as to T.M., D.S.M., and Se.M. and ordered the affidavits be held under seal by the court until August 2, 2004 at which time the therapists for the children and for the parents would issue a recommendation regarding the return of the children to the parents.

Following a hearing on September 1, 2004, the trial judge signed an order, dated September 16, 2004. The order states that, after examining the record and hearing evidence and argument of counsel, the trial judge terminated the Millers' parental rights as to T.M., D.M., and Se.M. The order also states the parents and the attorney ad litem "were properly cited" but did not appear.

On March 7, 2005, the Millers filed an original petition for bill of review of the trial court's September 16, 2004 order. In the petition, the Millers allege (i) they executed the relinquishment affidavits based on fraudulent statements made to them by TDPRS, and (ii) at the time of the September 16, 2004 termination order, no trials were set and neither the Millers nor the attorney ad litem had been given notice of the hearing. Attached to the bill of review are the Millers' affidavits that support their bill-of-review claims.

On March 21, 2005, the trial judge held a hearing on the attorney ad litem's motion to dismiss and request for temporary injunction. Throughout the hearing, counsel for TDPRS objected to the Millers' attorney's attempts to participate, arguing that the Millers "don't have a voice in this motion to vacate" and that they "can't be a party to a cause of action in which [their] parental rights were terminated." The trial judge did not allow the Miller's counsel to participate in the hearing. At the conclusion of the hearing, the judge stated she would read the entire file and

> [t]he question as to whether I'll hear or accept this bill of review will also be taken under advisement and heard at a future date if it is determined necessary after my findings and rulings on this other matter.

On April 7, 2005, the trial judge signed an order denying the Millers' bill of review. This appeal ensued.

### Jurisdiction

■ Initially, we must determine whether we have jurisdiction over this appeal. In their first issue, the Millers claim they are properly before this Court because their notice of appeal and motion to extend time to file notice of appeal were timely filed. The TDPRS and CASA of Collin County argue this Court lacks jurisdiction because section 109.002(a) of the Texas Family Code "provides the exclusive method by which an appeal involving the termination of parental rights may be filed, and that is by accelerated appeal." *See* TEX. FAM.CODE ANN. § 109.002(a) (Vernon 2002). The TDPRS and CASA argue the Millers had twenty days after the trial court's September 16, 2004 order in which to appeal and that, because the Millers failed to file a notice of appeal by October 6, 2004, this Court lacks jurisdiction over this appeal. We disagree.

■ Section 109.002 provides:

> An appeal from a final order rendered in a suit, when allowed under this section or under other provisions of law, shall be as in civil cases generally. An appeal in a suit in which termination of the parent-child relationship is in issue shall be given precedence over other civil cases and shall be accelerated by the appellate courts. The procedures for an accelerated appeal under the Texas Rules of Appellate Procedure apply to an appeal in which the termination of the parent-child relationship is in issue.

TEX. FAM.CODE ANN. § 109.002(a). Thus, if a party files a direct appeal of a parental rights termination order, the appeal is accelerated and follows the procedures for accelerated appeals set out in the Texas Rules of Appellate Procedure. *See* TEX. R.APP. P. 26.1(b), 35.1(b), 38.6(a) & (b). However, contrary to the argument made by the TDPRS and CASA, nothing in section 109.002 states that an accelerated appeal is the *exclusive* method of appeal. In fact, the family code contemplates at least one other method of contesting a termination order. *See* TEX. FAM.CODE ANN. § 161.211(a) (Vernon 2002) ("Notwithstanding Rule 329, Texas Rules of Civil Procedure, the validity of an order terminating the parental rights of a person who has been personally served or who has

executed an affidavit of relinquishment of parental rights or an affidavit of waiver of interest in a child or whose rights have been terminated under Section 161.002(b) is not subject to collateral or direct attack *after the sixth month after the date the order was signed.*") (emphasis added).

In this case, the Millers did not file a notice of appeal from the September 16, 2004 order. Rather, they filed a bill of review on March 7, 2005, within the six-month time frame contemplated by section 161.211. Because the March 7 bill of review was timely under section 161.211 of the family code, we conclude the TDPRS's and CASA's argument that the Millers' exclusive remedy lay with filing a timely accelerated appeal of the termination order lacks merit.

 The TDPRS and CASA also argue that, even if we calculate the appellate timetable from the date of the April 7, 2005 order, the Millers nevertheless failed to timely appeal because the notice of appeal was due April 27, 2005, within twenty days of the date of the order, or with a timely filed motion to extend time, no later than May 12, 2005. Again, we disagree. The Millers filed a notice of appeal of the trial court's denial of their bill of review, not of the termination order. Because the Millers are appealing the order denying their bill of review, the appeal is not an accelerated appeal under section 109.002 of the family code or the rules of appellate procedure. Thus, the notice of appeal was due May 7, 2005, thirty days after the date the judgment being appealed was filed. The Millers filed their notice of appeal and a timely motion to extend on May 23, 2005. *See* Tex.R.App. P. 4.1, 26.1, and 26.3. Because the Millers' notice of appeal was timely under the rules of appellate procedure, we conclude we have jurisdiction over this appeal. We sustain the Millers' first issue.

## Bill of Review

In their second issue, the Millers contend the trial judge erred in denying their bill of review. Under this issue, the Millers claim they presented prima facie evidence of a meritorious defense and were entitled to a trial on the merits of the bill of review. The Millers also argue (i) they were entitled to notice of a preliminary hearing on whether they presented prima facie evidence of a meritorious defense, and (ii) the trial judge failed to conduct a preliminary hearing as required. For the reasons that follow, we disagree.

 A bill of review complainant must file a petition alleging "factually and with particularity that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence." *Baker v. Goldsmith,* 582 S.W.2d 404, 408 (Tex.1979). The complainant must also allege, "with particularity, sworn facts sufficient to constitute defense and, as a pretrial matter, present prima facie proof to support the contention." *Baker,* 582 S.W.2d at 408. The determination of whether "a prima facie meritorious defense is made out" is a question of law for the trial judge. *Baker,* 582 S.W.2d at 408–09. The trial judge may hold a preliminary hearing to determine whether the bill-of-review complainant has presented prima facie proof of a meritorious defense. *Boateng v. Trailblazer Health Enter.,* 171 S.W.3d 481, 488 (Tex. App.-Houston [14th Dist.] 2005, pet. filed) (citing *Baker,* 582 S.W.2d at 409) If a prima facie meritorious defense is shown, the judge then conducts a trial on the merits of the bill of review. *Baker,* 582 S.W.2d at 409. If, however, a "prima facie meritorious defense has not been made out, the proceeding terminates and the

trial court shall dismiss the case." *Baker,* 582 S.W.2d at 409.

 If a trial judge holds a preliminary hearing, as authorized by *Baker,* to determine whether a prima facie meritorious defense has been shown, the possibility exists that the hearing may result in dismissal of the complainant's case. *See Baker,* 582 S.W.2d at 409. Because the complainant's case may be dismissed, it follows that the complainant must receive, at a minimum, notice of the hearing. *See Harris v. Moore,* 912 S.W.2d 860, 863 (Tex. App.-Austin 1995, no writ) (holding that trial court erred in dismissing bill of review when court gave no notice that scope of hearing had changed from temporary injunction hearing to bill-of-review preliminary hearing). However, nothing in *Baker* requires that the trial judge hold a hearing on the initial determination of whether the bill-of-review complainant has shown a prima facie meritorious defense. *See Baker,* 582 S.W.2d at 408–09. It then follows that a bill-of-review complainant is not entitled to notice if the trial judge does not hold a preliminary hearing.

The Millers filed their bill of review March 7, 2005. The March 21, 2005 hearing was not a hearing on the bill of review; rather, it was a hearing on the attorney ad litem's motion to dismiss and request for temporary injunction. The record shows the trial judge did not have a preliminary hearing to determine whether a prima facie meritorious defense was made out. Thus, the Millers were not entitled to notice. We reject their first two arguments under their second issue.

 We next address whether the trial judge erred in failing to find that the Millers presented prima facie evidence of a meritorious defense. The Millers state the termination of their parental rights was based on the affidavits of relinquishment signed by them. In their brief, the Millers

claim their affidavits, attached to the bill of review, establish that they executed the relinquishment affidavits in reliance "on statements from CPS that [the relinquishment affidavits] would not be used and that they would be getting their children back." However, each of the Millers' affidavits attached in support of the bill states:

On January 30, 2004, at the bequest of the Texas Department of Protective and Regulatory Services (hereinafter "CPS") and upon the advice of counsel I executed the relinquishment of parental rights which has been filed in [this cause]. At the time I executed this document I was informed by my attorney ... that Gretchen Fehrm (a representative of CPS) had indicated that the relinquishment would be "sealed" until such time as the therapists for the children and myself made a recommendation that it was not in the children's best interest that they be returned to my care. This matter was subsequently scheduled for a hearing to get the therapists recommendations on August 15, 2004.

\* \* \*

Additionally, I believe that CPS intentionally mislead us prior to signing the relinquishment documents. As previously stated, we were informed that the children would be returned to us if the therapist recommended their return. At the time that we signed the relinquishment documents and the Final Order we understood that Purnell Ryan was the therapist for the boys. It was not until later, at least one month, that I was informed that the boys had been switched from Purnell Ryan to Jeffrey Anderson. It is my understanding that at no time during their therapy with Jeffrey Anderson were the boys being "counseled" to prepare them for their

return or possible return to our home. Suzanne Wooten later confirmed for me that Jeffrey Anderson was instructed to prepare the boys for termination.

Contrary to the statements made in their brief, the Millers' affidavits do not state that TDPRS represented to them, or that they relied on any such statements, that "the relinquishment affidavits ... would not be used and that they would be getting their children back." Rather, the Millers' affidavits state it was the Millers' understanding that the relinquishment affidavits would be sealed until the therapists made their recommendations. According to the affidavits, the children would be returned "if the therapist recommended their return."

The trial court's February 20, 2004 order contains similar language. In the order, the trial judge found the Millers had executed "unrevoked or irrevocable affidavits of relinquishment of parental rights" as to T.M., D.M., and Se.M. and ordered the relinquishment affidavits sealed until the therapists issued a recommendation regarding the return of the children. The judge ordered that (i) the affidavits be unsealed and accepted if the therapists did not mutually recommend a plan to return the children to the parents or (ii) the affidavits be destroyed and "orders consistent with the therapists' recommendation regarding the return" of the children be entered if the therapists mutually recommended the return of the children.

The bill-of-review affidavits do not support the claims made in the Millers' appellate brief, nor do they establish a prima facie meritorious defense. We further note that during the hearing on the attorney ad litem's motion for temporary injunction, the trial judge heard undisputed evidence that the children's therapist recommended they not be returned to the Millers. Because the Millers did not establish a prima facie meritorious defense, we cannot conclude the trial judge erred in denying their bill of review. We overrule the Millers' second issue.

We affirm the trial court's order denying the Millers' bill of review.