Vacated and Dismissed in Part, Reversed and Rendered in Part and
Memorandum Opinion filed March 11, 2008








Vacated and
Dismissed in Part, Reversed and Rendered in Part and Memorandum Opinion filed
March 11, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01054-CV

____________

 

PATRICK OLAJIDE AKINWAMIDE, Appellant

 

V.

 

TRANSPORTATION INSURANCE CO., CNA
INSURANCE CO. & AUTOMATIC DATA PROCESSING, INC., Appellee

 



 

On Appeal from the 80th
District Court

Harris County, Texas

Trial Court Cause No. 2004-12332

 



 

M E M O R A N D U M   O P I N I O N

After two unsuccessful lawsuits to recover on a workers= compensation
claim, appellant, Patrick Olajide Akinwamide, filed a bill of review in the
trial court in an attempt to set aside a final judgment rendered against
him in 2000.  The trial court granted summary judgment in favor of appellees,
Transportation Insurance Co., CNA Insurance Co., and Automatic Data Processing,
Inc.  Additionally, the trial court declared appellant a vexatious 








litigant,
and ordered appellant to pay a $2,500 security bond, which was subsequently
released to appellees.  In eight points of error, appellant, a pro se litigant,
contends the trial court erred in granting appellees= motion for
summary judgment, erred in declaring appellant a vexatious litigant, and erred
in releasing the security posted.  We vacate and dismiss in part and
reverse and render in part.   

Factual and Procedural Background

Appellant has been litigating his claims against appellees
for over ten years.  Appellant=s suit began when he filed a workers= compensation
claim with the Texas Industrial Accident Board (IAB) claiming he had developed
respiratory problems in October 1989 caused by the inhalation of second-hand
smoke while working at Automatic Data Processing, Inc. (ADP).  In August 1997,
the IAB issued a final ruling denying appellant=s claim.  In
response, in September 1997, appellant filed suit against ADP in the district
court (hereinafter Afirst suit@).  Appellant
later sought to add Transportation Insurance Co. (TIC) and CNA Insurance Co.
(CNA) as defendants, but the district court denied appellant=s motion to join.

Appellant=s case was tried to a jury in June 2000,
and the jury determined appellant failed to timely file his appeal from the IAB
ruling.  The court signed the final judgment in August 2000, and appellant
timely appealed the trial court=s decision.  The Thirteenth Court of
Appeals affirmed the trial court=s judgment in
August 2004.

While appellant=s first suit was
pending in the appellate court, appellant again attempted to recover damages by
filing a second lawsuit against ADP, TIC, and CNA (hereinafter Asecond suit@).  In this suit,
alleging all three companies conspired to misrepresent facts pertinent to
appellant=s claim for compensation, appellant sued for fraud,
negligence, and fraudulent concealment.  Appellees filed a motion for summary
judgment, 








which
the trial court granted in April 2002.  Appellant appealed this decision, and
in May 2003, the Fourteenth Court of Appeals affirmed the trial court=s judgment. 
Appellant subsequently appealed the decision to the Texas Supreme Court, and
the Supreme Court denied the petition for review in October 2003.

In yet another attempt to collect damages, appellant filed
a bill of review with the trial court in March 2004 seeking review of the trial
court=s decision in
appellant=s first suit.  Appellant claimed the judgment in the
first suit was voidable, and it should be replaced with a default judgment in
his favor.  In response to this third suit, appellees filed a motion to declare
appellant a vexatious litigant, and the trial court granted the motion in March
2006.  The order declaring appellant a vexatious litigant required appellant to
post a $2,500 security, which appellant posted.  Appellees also filed a motion
for summary judgment in July 2004, and the trial court granted their motion in
September 2006.  Appellant filed a motion for new trial and a motion to vacate
the judgment, and both orders were subsequently denied.  In October 2006, the
trial court ordered the release of appellant=s security to the
appellees.  Appellant filed a timely notice of appeal.      

Discussion

A.      Did the
Trial Court Err in Granting Appellees= Motion for
Summary Judgment?

Appellant=s first five issues all challenge the
trial court=s granting of appellees= motion for
summary judgment.  In his first issue, appellant argues the trial court erred
in granting the appellees= summary judgment because appellees failed
to properly serve the motion for summary judgment on appellant.  In his next
four issues, appellant argues the trial court erred in granting the motion for
summary judgment because appellees= exhibits attached
to the motion were not properly certified, appellees= evidence was
insufficient, and the verification attached to the motion was insufficient. 

 








1.       Bill of Review

A bill of review is an
equitable proceeding brought by a party to a former action who seeks to set
aside a judgment that is no longer appealable or subject to a motion for new
trial.  Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979).  A bill of
review complainant must prove three elements: (1) a meritorious claim or
defense, (2) that he was prevented from asserting by the fraud, accident or
wrongful act of his opponent or by official mistake, and (3) the absence of
fault or negligence of the complainant.  Caldwell v. Barnes, 975 S.W.2d
535, 537 (Tex. 1998).  A bill of review may not be used as an additional remedy
after one has made a timely, but unsuccessful appeal.  Rizk v. Mayad,
603 S.W.2d 773, 776 (Tex. 1980).

To invoke the equitable powers
of the court, the bill of review petitioner must, as a preliminary matter, make a prima facie showing of a meritorious
defense to the cause of action alleged to support the judgment.  Baker,
582 S.W.2d at 408.  A prima facie
meritorious claim or defense is made out when it is determined the
complainant's claim or defense is not barred as a matter of law and he will be
entitled to judgment on retrial if no evidence to the contrary is offered.  Id.
at 408B09.  Prima facie
proof may consist of documents, admissions, and affidavits along with other evidence
the trial court may receive in its discretion.  Id. at 409.  If the
petition fails to make a prima facie showing, the proceeding terminates, and
the case is dismissed.  See id.; In re L.N.M., 182 S.W.3d 470,
474B75 (Tex. App.CDallas 2006, no pet.). 
Thus, we first address whether the trial judge erred in failing to find
appellant made a prima facie showing of a meritorious claim or defense.         2.       Analysis

In appellant=s bill
of review, his meritorious claim argument centers around the idea that
appellees did not have workers= compensation insurance
in full force and effect at the time of his injury.  Appellant argued appellees
were negligent in failing to provide a 

 








reasonably safe work place and failing to
protect him against injuries while acting in the course and scope of his
employment.  Appellant also argued appellees intentionally engaged in the
misrepresentation of facts, engaged in intentional fraudulent acts, and engaged
in deceptive acts to conceal the truth, which caused appellant harm.  Appellant
attaches affidavits and twenty-four exhibits to his petition, which include
things such as medical reports, petitions and answers filed in the first suit,
motions and orders filed in the first suit, the final judgment of the first
suit, and documents from his claim with the IAB.  After reviewing the proof
presented by appellant in his bill of review petition, we cannot say it is
sufficient prima facie proof to support appellant=s
argument of a meritorious claim or defense.  His evidence merely proves he has
litigated this issue multiple times in the past.  Furthermore, a bill of review
may not be used as an additional remedy after one has made a timely, but
unsuccessful appeal.  Rizk, 603 S.W.2d at 776.  The grounds upon which a
bill of review can be obtained are narrow because the procedure conflicts with
the fundamental policy that judgments must become final at some point.  Transworld
Fin. Serv. Corp. v. Briscoe, 722 S.W.2d 407, 407 (Tex. 1987) (citing Alexander
v. Hagedorn, 226 S.W.2d 996, 998 (Tex. 1950)).  Here, appellant has already
tried and unsuccessfully appealed the claims and defenses underlying his bill
of review.  Appellant=s arguments regarding
the basis for his bill of review, both here and in the trial court, simply
reiterate the issues already resolved in appellant=s
first and second suits.  All of appellant=s
claims and defenses either were or could have been litigated in the trial and
appellate courts and thus are barred by res judicata.  Compania Financiara
Libano v. Simmons, 53 S.W.3d 365, 367 (Tex. 2001); Rizk, 603 S.W.2d
at 775.  Thus, we find appellant failed to present prima facie proof in support
of his claim of a meritorious claim or defense.      

When a petitioner fails to
make a prima facie showing, the proceeding terminates, and Athe
trial court shall dismiss the case.@  Baker, 582
S.W.2d at 409.  In this case, when appellant failed to make a prima facie
showing of a meritorious claim or defense, the trial 








judge should have dismissed the case rather
than grant summary judgment in favor of appellees.  See Rich v. Cooley,
No. 05-05-00912-CV, 2006 WL 2106715, at *1B3
(Tex. App.CDallas July 31, 2006, no pet.) (mem. op., not designated
for publication) (holding it was improper for the trial court to grant summary
judgment in favor of appellees because appellant failed to present prima facie
proof to support his bill of review petition).  Accordingly, we vacate the
trial court=s summary judgment order in favor of appellees, and we
render judgment dismissing appellant=s bill of review.  See
Tex. R. App. P. 43.2(e); Rich, 2006 WL 2106715, at *1B3.

B.      Did the Trial Court Err in Declaring
Appellant a Vexatious Litigant? 

In appellant=s
sixth issue, he argues the trial court erred in declaring him a vexatious
litigant because appellees failed to comply with section 11.051 of the Texas
Civil Practice and Remedies Code.  More specifically, appellant argues
appellees failed to file their motion within the requisite ninety-day time
period.

1.       Standard of Review

We review the trial court=s
ultimate determination that appellant is a vexatious litigant under an abuse of
discretion standard.  Leonard v. Abbott, 171 S.W.3d 451, 459 (Tex. App.CAustin
2005, pet. denied).  The trial court abuses its discretion by acting arbitrarily,
unreasonably, or without consideration of guiding principles.  Walker v.
Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003).

2.       Applicable Law

Texas law provides a mechanism
allowing a plaintiff to be declared a vexatious litigant.  See Tex. Civ.
Prac. & Rem. Code Ann. ch. 11 (Vernon 2006).  But, a defendant must file
the motion triggering that mechanism Aon or before the 90th
day after the date the defendant files the original answer.@  Id.
' 11.051.  

 








3.       Analysis

In this case, appellees filed
their original answer on April 12, 2004.  They filed their motion to declare
appellant a vexatious litigant on July 21, 2004.  Appellees motion was filed
after the statutory ninety-day period had expired; therefore, it was an abuse
of discretion for the trial court to grant relief under that circumstance.  See
Dishner v. Huitt-Zollars, Inc., 162 S.W.3d 370, 377 (Tex. App.CDallas
2005, no pet.) (holding the trial court abused its discretion in declaring
appellant a vexatious litigant because motion filed outside the ninety-day time
period); In re Marriage of Grossnickle, 115 S.W.3d 238, 252 (Tex. App.CTexarkana
2003, no pet.) (A[T]he >vexatious litigant=
statute applies only when filed within ninety days after the date on which a
defendant files his or her original answer.@); Spiller
v. Spiller, 21 S.W.3d 451, 454 (Tex. App.CSan
Antonio 2000, no pet.) (holding the motion filed outside the ninety-day period
was untimely).

Appellees argue even though
the time to file a motion may have expired, the court had the inherent power to
prevent such vexatious litigation.  Appellees cite to University of Texas v.
Morris and Birdo v. Holbrook in support of this proposition, but
their reliance on these two cases is misplaced.  See Univ. of Tex. v. Morris,
344 S.W.2d 426, 428 (Tex. 1961); Birdo v. Holbrook, 775 S.W.2d 411, 412B13
(Tex. App.CFort Worth 1989, writ denied).  First, both cases were decided
before the enactment of the current vexatious litigant statute.  See
Tex. Civ. Prac. & Rem. Code Ann. ch. 11 (stating it was enacted on
September 1, 1997).  In Morris, the Texas Supreme Court held the
district courts have the inherent power to enjoin a party from prosecuting a
cause of action in another court when necessary to prevent multiple suits or
vexatious litigation.  Morris, 344 S.W.2d at 428.  In Birdo, the
Fort Worth Court of Appeals determined under its inherent powers it could
prevent appellant from filing additional hand printed documents with the
court.  Birdo, 775 S.W.2d at 412B13.  Both of these
cases stand for the proposition the courts have the inherent power to apply
certain 

 








restrictions on pro se plaintiffs in
order to protect judicial resources, but they do not stand for the proposition
the courts can inherently declare a plaintiff a vexatious litigant.  Morris,
344 S.W.2d at 428; Birdo, 775 S.W.2d at 412B13. 
Furthermore, after reviewing the trial court=s
order, it is apparent the trial court declared appellant a vexatious litigant
using chapter eleven of the Civil Practice and Remedies Code.  Appellees also
state in their brief A[d]efendants moved to
declare the Plaintiff a vexatious litigant pursuant to '
11.054 of the [Texas Civil Practice and Remedies Code],@ and
then argue why appellant meets all of the requirements under the statute. 
Appellees attempt to rely on supposed Ainherent powers@ of
the court simply because they failed to comply with the requirements of the
statute, and we do not find the argument persuasive.  Because appellees filed
their motion outside the statutory ninety-day period, we hold the trial court
erred in declaring appellant a vexatious litigant.  Accordingly, we sustain
appellant=s sixth issue.  Because appellant=s
seventh issue relates to the trial court=s vexatious litigant
order, we need not address it.  Tex. R. App. P. 47.1.

C.      Did the Trial Court Err in Ordering the
Release of Security to Appellees?








In his eighth issue, appellant
argues the trial court erred in releasing his security to appellees.  After
appellant was declared a vexatious litigant, he was ordered to furnish security
for the benefit of appellees in the amount of $2,500.  Appellant complied with
the order and deposited $2,500 with the trial court.  On October 27, 2006, the
trial court ordered the registry to release the security to appellees=
attorney.  The only reason the trial court required appellant to deposit this
security was because it declared appellant a vexatious litigant.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 11.055 (Vernon 2006)
(requiring the court to order plaintiff to furnish security upon a finding the
plaintiff is a vexatious litigant).  In light of our decision that the trial
court abused its discretion in declaring appellant a vexatious litigant, we
hold the court also abused its discretion in requiring appellant to furnish a
security and further abused its discretion in releasing this security to
appellees.  We sustain appellant=s eighth issue.

Conclusion

We vacate the trial court=s
order granting appellees= motion for summary
judgment, and we dismiss appellant=s bill of review.  We
reverse the order of the trial court declaring appellant a vexatious litigant
and render judgment that appellant is not a vexatious litigant.  We further
reverse the order of the trial court releasing the $2,500 security to appellees
and render judgment that appellant recover the $2,500 security from appellees.       

 

 

                                

/s/      John S. Anderson

Justice

 

Judgment
rendered and Memorandum Opinion filed March 11, 2008.

Panel
consists of Chief Justice Hedges and Justices Anderson and Boyce.