Opinion to: SR TJ EVK ERA GCH LCH JB JS MM TGT

















Opinion issued
February 25, 2010                                                  

 

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00834-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



Marsha Whyte, Appellant

 

V.

 

Lawrence Robert Whyte, Appellee

 

 



On Appeal from the 247th District Court

Harris County, Texas

Trial Court Cause No. 2004-51912

 

 



MEMORANDUM opinion

Appellant,
Marsha Whyte, is appealing the trial court’s grant of appellee’s, Lawrence
Robert Whyte’s, motion for partial summary judgment.  We dismiss for want of jurisdiction. 

Background

           When Marsha and Lawrence were
divorced in 1998, they were named joint managing conservators of N.W. (trial
court cause number 1995-44409).  Lawrence
subsequently filed a petition seeking to modify custody.  He also filed a second, separate, petition
for interference with child custody. 
Both petitions were filed under cause number 1995-44409.  In 2001, the trial court granted Lawrence’s
first petition, modified the Whytes’ divorce decree and awarded Lawrence full
custody of N.W. (“2001 Custody Order”). 
In 2002, the trial court granted Lawrence’s motion to sever his pending
petition for interference with child custody from cause number 1995-44409 and
move it into a separate cause number. 
The next year, the trial court awarded Lawrence monetary damages against Marsha in
the severed suit for interference with child custody (“2003 Interference
Judgment”).[1]  Marsha, who did not enter an appearance in
either proceeding, filed an Original Petition for Bill of Review in 2004 (trial
court cause number 2004-51912) asking the trial court to set aside both the
2001 Custody Order and the 2003 Interference Judgment.  Three years later, in 2007, she filed her
First Amended Petition for Bill of Review, which is substantively identical to
her original petition.  Lawrence then
filed a motion for partial summary judgment in the Bill of Review case with
respect to the 2003 Interference Judgment only. 
On August 8, 2008, the trial court granted Lawrence’s motion for partial
summary judgment.  Marsha is now
attempting to appeal that order.  Lawrence
has filed a motion to dismiss Marsha’s appeal for lack of jurisdiction. 

jurisdiction

       As a preliminary matter, we address whether this court has
jurisdiction with respect to Marsha’s appeal of the trial court’s granting of
Lawrence’s motion for partial summary judgment in her bill of review case.  A bill of review is an independent, equitable
proceeding to set aside a judgment that is not void on the face of the record
but is no longer appealable or subject to a motion for new trial.  See King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 751 (Tex. 2003).  “[A] bill of review
is a separate proceeding from the underlying suit.”  Ross v. Nat’l Ctr. for the Employment of
the Disabled, 197 S.W.3d 795, 798 (Tex. 2006) (per curiam).  Accordingly, we evaluate our jurisdiction
over this appeal with respect to the bill of review itself, rather than the
underlying suit.  See In re L.N.M., 182
S.W.3d 470, 474 (Tex. App.—Dallas 2006, no pet.) (holding that appellate court
jurisdiction with respect to appeal of denial of bill of review seeking to set
aside termination order is to be determined under general rules of appellate
procedure). 

With few exceptions, an
appeal may only be taken from a final judgment. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  When there has been no conventional trial on
the merits, an order or judgment is not final for purposes of appeal unless it
actually disposes of every pending claim and party or clearly and unequivocally
states that it finally disposes of all claims and parties.  Id. at 205.  Here, the August 8, 2008 order being appealed
granted Lawrence’s motion for partial summary judgment with respect to the 2003
Interference Judgment only; the order did not dispose of, nor did it state that it
disposed of, Marsha’s claim with respect to the 2001 Custody
Order.

Marsha contends that the
August 8, 2008 order is a final order with respect to the 2003 Interference
Judgment and that severance of her 2001 Custody Order claim is unnecessary to
render the order final because the 2003 Interference Judgment cause of action
had already been severed (2002) from the 2001 Custody Order cause of action.  Although both the 2003 Interference Judgment and
the 2001 Custody Order are final and were appealable at the time they were
issued, Marsha is not attempting to directly appeal either of these
judgments.   Instead, Marsha is
attempting to have both set aside through a separate, independent proceeding—a
bill of review.  See King Ranch, Inc., 118 S.W.3d at 751.  While Marsha could have filed separate bills
of review, she chose instead to combine her challenges to both the 2003
Interference Judgment and the 2001 Custody Order together into one bill of
review (trial court cause number 2004-51912). 
In doing so, she filed a single petition that raised two separate
claims.  Although an order disposing of
one of those two claims is interlocutory, it may be rendered final if the
disposed of claim is later severed.  The
record before us reflects that there has been no severance of the two claims
raised in this bill of review proceeding (trial court cause number 2004-51912)
and no disposition of Marsha’s remaining cause of action for a bill of review
relating to the 2001 Custody Order.  Accordingly,
the August 8, 2008 order is a non-appealable, interlocutory order.  

Appellant does not cite, nor have we
found, any statutory basis for our jurisdiction to consider her interlocutory
appeal.  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon Supp. 2009) (listing
interlocutory
orders from which interlocutory appeal may be taken); Jack B. Anglin Co.
v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (holding that Texas appellate
courts only have appellate jurisdiction over appeals from final orders or judgments, unless statute
permits appeal from interlocutory order).  Accordingly, we do not have jurisdiction to
consider this appeal.  See Tex. R. App. P. 42.3(c) (allowing
involuntary dismissal of appeal for lack of jurisdiction upon party’s motion).  We grant Lawrence’s
motion to dismiss. 

 

CONCLUSION

We
dismiss this appeal for
want of jurisdiction.

 

 

 

 

                                                          Jim
Sharp

                                                          Justice


 

Panel consists of Justices Keyes,
Sharp, and Massengale.











[1]          Monetary
damages were also assessed against Veronika Nilson and Pier Lundgren.  Neither Nilson nor Lundgren are parties to
this appeal.