**Affirmed and Majority and Dissenting Opinions filed May 10, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

## NO. 14-11-00489-CV

---

### IN THE INTEREST OF A.A.S., A CHILD

---

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-57789**

---

## DISSENTING OPINION

A father whose parental rights were terminated challenges the trial court's dismissal of his petition for an equitable bill of review, filed more than six months after the trial court rendered its final decree terminating the parent-child relationship. Because the father did not timely appeal pursuant to section 109.002(a) of the Texas Family Code, this court lacks jurisdiction over this appeal and should dismiss this appeal for lack of appellate jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant Roger Salazar, a Florida resident, filed a petition for a bill of review on September 10, 2010, to challenge a final decree signed a year earlier, on September 15,

2009, in Harris County, Texas. The decree terminated the parent-child relationship between Salazar and A.A.S., his minor child. Appellee the Texas Department of Family and Protective Services (the "Department") answered with a general denial and several affirmative defenses, including an assertion that the suit was statutorily barred by section 161.211 of the Texas Family Code, entitled "Direct or Collateral Attack on Termination Order."[1]

In his live petition for bill of review, Salazar claimed paternity of A.A.S. and alleged that he had not received actual notice of the suit to terminate his parental rights until nearly one year after the termination decree had been signed. Salazar alleged that although the child's mother had the means to locate him in Naples, Florida, she had provided incorrect contact information to authorities and, as a result, Salazar was not properly served with notice of the termination suit. Salazar alleged that he had a meritorious defense to the petition seeking to terminate his parental rights and that he was prevented from presenting his defense by the fraud of a party to the termination proceeding, unmixed with any fault of his own. Salazar attached a certified copy of the termination decree to his live petition and requested that the trial court (1) set aside and vacate the termination decree, (2) adjudicate Salazar to be the biological and legal father of A.A.S., and (3) render appropriate orders for the conservatorship and support of A.A.S.

The Department filed a motion to dismiss Salazar's petition, asserting that because Salazar's bill-of-review petition was filed more than six months after his parental rights were terminated, the suit was statutorily time-barred by the Texas Family Code. The trial court held a hearing on the Department's motion and ruled that section 161.211 of the Texas Family Code barred Salazar's attack on the termination decree because the petition for bill of review was filed more than six months after the judgment was rendered. The trial court signed an order on February 7, 2011, granting the Department's motion to

---

[1] Unless otherwise specified, all references to a "section" or "chapter" are to the Texas Family Code.

dismiss Salazar's petition for bill of review, effectively denying Salazar's requests for relief.

In this appeal Salazar challenges the trial court's dismissal of his petition for bill of review. The Department challenges this court's jurisdiction to hear this appeal.

APPELLATE-JURISDICTION ANALYSIS

The Department asserts that Salazar did not timely appeal the trial court's dismissal order pursuant to section 109.002(a) of the Texas Family Code[2] and rules governing accelerated appeals. Whether an appeal of a dismissal of a bill-of-review suit brought to challenge a decree terminating the parent-child relationship is subject to the accelerated-appeal rules is an issue of first impression in this court.[3]

Section 109.002(a) of the Texas Family Code, entitled "Appeal," provides in relevant part:

> An appeal from a final order rendered in a suit, when allowed under this section or under other provisions of law, shall be as in civil cases generally. An appeal in *a suit in which termination of the parent-child relationship is in issue* shall be given precedence over other civil cases and shall be accelerated by the appellate courts. The procedures for an accelerated appeal under the Texas Rules of Appellate Procedure apply to an appeal in which the termination of the parent-child relationship is in issue.

---

[2] Effective September 1, 2011, this section was amended to add the phrase, "under the Texas Rules of Appellate Procedure" after "generally." *See* Act of May 5, 2011, 82nd Leg., R.S., ch. 75,§§ 8, 9, 2011 Tex. Gen. Laws. 348, 349 (codified at Tex. Fam. Code Ann. § 109.002 (West 2011)). Otherwise, the 2011 amendments do not change subsection (a) from the version in effect at the time Salazar appealed.

[3] The Fifth Court of Appeals, in *In re L.N.M.*, 182 S.W.3d 470, 473–74 (Tex. App.—Dallas 2006, no pet.), has determined that an appeal of the denial of a petition for bill of review following a termination decree is not an accelerated appeal pursuant to section 109.002 or the rules of appellate procedure. *See id.* at 474. The *L.N.M.* court reasoned that because the appellants sought to appeal an order denying a bill of review instead of the trial court's termination order, the appellants were not required to file a notice of appeal within twenty days and the notice of appeal was timely filed. *See id.* In reaching this conclusion, the *L.N.M.* court also noted that the appellants timely filed a bill of review within the six-month prescribed time-frame set forth in section 161.211. *See id.* Salazar did not file his petition for bill of review within the six-month period. The *L.N.M.* court did not address the meaning of the statutory phrase "a suit in which termination of the parent-child relationship is in issue." *See id.*

Tex. Fam. Code Ann. § 109.002(a) (West 2008) (emphasis added). An accelerated appeal is perfected by filing a notice of appeal within twenty days after the order is signed. *See* Tex. R. App. P. 25.1, 26.1(b); *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). If this appeal is an accelerated appeal, then this court lacks jurisdiction because Salazar perfected appeal more than seventy-five days after the trial court signed its final order.

The Department asserts that because, in his petition for bill of review, Salazar sought to set aside the trial court's final order terminating the parent-child relationship, this is an appeal in a suit in which termination of the parent-child relationship is "in issue," within the meaning of section 109.002(a). Thus, the Department urges, the accelerated-appeal rules apply and because Salazar failed to comply with them, this court does not have jurisdiction over his appeal. The Department is correct.

The appellate-jurisdiction issue that divides the panel turns on the statutory interpretation of section 109.002(a). More specifically, the outcome depends upon whether this appeal is "an appeal in a suit in which termination of the parent-child relationship is in issue." Tex. Fam. Code Ann. § 109.002(a).

***This appeal is an accelerated appeal under the plain meaning section 109.002(a).***

This court's role in interpreting section 109.002(a) is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). After reviewing the statute's text and considering the context and the various possible interpretations of the statute, we must determine if the statute is ambiguous. *See Cail v. Serv. Motors, Inc.*, 660 S.W.2d 814, 815 (Tex. 1983); *Dob's Tire & Auto Center v. Safeway Ins. Agency*, 923 S.W.2d 715, 719 (Tex. App.—Houston [1st Dist.] 1996, writ dism'd w.o.j.). If the statute is unambiguous, then we must adopt the interpretation supported by the statute's plain language, without relying upon extratextual sources to interpret the statute, except in the rare situation in which such an interpretation would lead to absurd results. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d

4

432, 439 (Tex. 2011); *Alex Sheshunoff Management Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651–52 & n.4 (Tex. 2006).

Under the plain meaning of section 109.002(a), appeals from final orders in a suit affecting the parent-child relationship are generally not accelerated appeals; however, an "appeal in a suit in which termination of the parent-child relationship is in issue" is accelerated. Appeals are often described in terms of the orders from which the appeal is taken. For example, the first sentence of section 109.002(a) addresses "appeals from a final order in a suit [affecting the parent-child relationship]." Tex. Fam. Code Ann. § 109.002(a). Section 263.405 addresses "an appeal of a final order rendered under this subchapter." *Id*. § 263.405(a) (West 2012). The Legislature could have accelerated only appeals from decrees terminating the parent-child relationship or only appeals rendered under a particular statute. Under section 109.002(a), it did not do so. The Legislature instead opted to apply the accelerated-appeal procedures to a broad class of cases—those "in which the termination of the parent child relationship is in issue." Tex. Fam. Code Ann. § 109.002(a). The Legislature chose this termination-in-issue phraseology over the standard language used in other accelerated-appeal statutes because the Legislature intended for courts to expedite appeals whenever termination of the parent-child relationship is in issue. This expansive language and the low threshold it creates provide strong evidence of legislative intent that any appeals involving termination issues receive accelerated treatment. *See id.* Nothing in the statute or the statutory regime suggests the Legislature intended to exclude from accelerated treatment termination issues in *some* termination-in-issue cases, such as bill-of-review proceedings, as the majority concludes.[4]

In this case, Salazar filed a bill-of-review suit in which he asked the trial court to vacate a decree that terminated his parent-child relationship with A.A.S. and to adjudicate Salazar to be the child's biological and legal father. The trial court signed a final order dismissing Salazar's suit, and Salazar has appealed from that order. Salazar's appeal is in a suit in which termination of the parent-child relationship is in issue. Therefore, under

---

[4] *See ante* at p. 5-6.

the unambiguous language of the section 109.002(a), this is an accelerated appeal, and Salazar's appeal is therefore untimely.

### *The Legislature enacted a broad statute to accomplish a clear purpose: accelerated appellate review for all termination-in-issue cases.*

Section 109.002(a) is broad in scope because in drafting the statute the Legislature intended to create a wide net to capture for fast-track treatment all termination-in-issue cases as they move from the trial court to the appellate court. Unlike other statutes in which the Legislature prescribes appellate procedures and time tables using limiting language that restricts the scope to appeals of particular types of orders or proceedings, section 109.002(a) contains unusually broad language that covers a variety of cases in a variety of contexts.

The Legislature recognized that delays in the system at the trial and appellate level can put a child's life in limbo regardless of the nature of the particular legal proceeding in which the termination issue arises. By using the atypical "in issue" language, the Legislature chose to lower the threshold for accelerated-appeal treatment and to expand the range of cases to which it applies so that the resolution of termination issues would receive accelerated-appeal treatment whether they arise in a direct appeal, in a bill-of-review proceeding, or in any other context in which termination of the parent-child relationship is placed in controversy.

The Legislature signaled a clear intent to place this entire class of cases on a special track that would hold the greatest promise for swift disposition. Consistent with this fast-track approach of bringing finality to termination cases earlier in the process, the Legislature shortened the bill-of-review window for termination cases from four years to six months. *Compare* Tex. Fam. Code Ann. § 161.211 (West 2008) (limiting the time a party may bring a direct or collateral attack under the Texas Family Code to six months), *with* Tex. Civ. Prac & Rem. Code Ann. § 16.051 (West 2008), *and* Tex. R. Civ. P. 329b(f). By their very nature, bill-of-review proceedings tend to come late in the game, often long after the case has been concluded. By reducing the time frame for bill-of-

review challenges the Legislature sought to promote prompt resolution of termination issues as a means of achieving the overarching goal of restoring normalcy to the lives of children whose futures rest on the finality of the legal process. This same rationale prompted the Legislature to mandate accelerated appeals in cases in which termination of the parent-child relationship is in issue. Both measures—shortening the bill-of-review window and expanding the availability of accelerated appeals to cases in which termination is "in issue"—were intended to ensure that the legal process for termination cases comes to conclusion quickly.

### Today's decision judicially narrows the broad class of cases the Legislature intended for fast-track treatment.

Rather than construe the statute's broad language broadly, the majority instead adopts a narrow construction of the "in issue" language, creating a high threshold for accelerated treatment. Under its statutory interpretation, the majority effectively construes the statute to accelerate only direct appeals from final orders in termination proceedings, rather than to appeals in cases in which termination of the parent-child relationship is in issue. This construction is contrary to the statutory language and frustrates the Legislature's intent to provide a fast-track appeal for *every* termination-in-issue case. Parties like Salazar, who seek vacatur of termination decrees, and children like A.A.S., who stand in limbo while their cases move through the appellate process, will not get the benefits of an accelerated appeal because this court has judicially narrowed the broad class of cases the Legislature intended for fast-track treatment.

Under the majority's view, one seeking to set aside a decree terminating the parent-child relationship via a bill of review is not on the fast-track, at least not if the one seeking to set aside the termination decree is unsuccessful in the trial court. The majority reasons that termination of the parent-child relationship is not "in issue" in this case because the trial court denied Salazar's petition for bill of review as untimely. According to the majority, the termination decree Salazar sought to have set aside remains final, and

7

the matters adjudicated in the earlier termination suit are "not again placed in issue."[5] But, interestingly, the majority concludes, "If the trial court had granted Salazar's petition, then the termination of his parental rights would have been at issue in this suit."[6] The trial court, however, dismissed a petition in which Salazar sought to vacate a decree terminating his parental rights. Under the majority's analysis, the termination-in-issue determination turns not on the parties' pleadings or requests for relief, but, rather, on the basis for the trial court's ruling. The statute is not so narrow.

The court holds that parties in a bill-of-review proceeding in which the petitioner has prevailed will be subject to the accelerated-appeal; and, parties in bill-of-review proceedings in which the petitioner has not prevailed, will not be subject to the accelerated-appeal provisions.[7] The Legislature's intent is to provide accelerated appeals whenever and however termination is "in issue." Whether the petitioner is successful or unsuccessful, the result is not final until the appellate process has run its course. In either event, the need for accelerated treatment is the same. There is no logical reason to treat appeals of the two outcomes differently. Both should be on the fast track. In crafting this broad provision, the Legislature sought to create a fast-track appeal for every case in which termination of the parent-child relationship is in issue, including all bill-of-review proceedings in which termination is in issue.

*A contextual analysis of the statutory text demonstrates that applying the provision broadly fulfills the statutory purpose of providing fast track appeals for all termination-in-issue cases.*

When section 109.002(a) is construed in light of its clear purpose, the Legislature's intent is honored and its goal of giving accelerated treatment to all termination-in-issue cases is accomplished.

---

[5] *See ante* at p. 6.

[6] *See ante*, at p. 6 n.2.

[7] *See ante*, at p. 6 n.2.

A determination of what is "in issue" in a case is typically derived not from what relief the trial court granted or denied, as the majority concludes, but from what relief the parties requested. Pleadings frame the issues. But, the majority does not consider the parties' pleadings or requests for relief or make these traditional sources the touchstone of the "in issue" inquiry. Instead, the majority considers whether the bill-of-review challenge was successful. Under this model, whether termination of the parent-child relationship is "in issue" depends on the outcome of the case rather than the pleadings or request for relief. Instead of focusing on whether Salazar was successful or unsuccessful in his challenge to the termination decree, to determine if termination is "in issue" the court should begin with an examination of the pleadings and the requests for relief and determine what is "in issue" by considering what the party seeking relief must establish to be entitled to the relief requested. The next step is to consider any defenses asserted by the opposing party and what that party must establish to prevail on any such defenses. This is the true measure of what is "in issue" in the context of section 109.002(a)'s clear statutory purpose.

In his live pleadings, Salazar asked the trial court to set aside and vacate the judgment terminating his parent-child relationship with A.A.S. and to restore his parental rights. Salazar also asked the trial court to enter a new decree that he is A.A.S.'s legal father and to grant him conservatorship in addition to other parental rights. In its pleadings, the Department opposed this requested relief and took the position that Salazar was not entitled to it for various reasons, including that the petition was time-barred. When a party must establish that the termination of the parent-child relationship was improper, the termination of the parent-child relationship is in issue. The trial court ruled that Salazar could not prevail because the Department had shown that Salazar's suit was barred by section 161.211 of the Family Code; therefore, the trial court refused to vacate the termination decree as Salazar had requested. In this appeal, Salazar asks this court to reverse the trial court's decision. Salazar placed "in issue" the termination of his parent-child relationship with A.A.S. when he requested the trial court to (1) set aside and vacate

9

the termination decree, and (2) decree that he is the legal father of the child.  *See* Tex. Fam. Code Ann. § 109.002.  Because the termination of the parent-child relationship is in issue, the rules governing accelerated appeals apply.  *See id.*

### *Even the majority implicitly recognizes that termination is "in issue" because this court cannot dispose of this appeal without addressing the challenge to the termination decree.*

Finally, it is telling that the majority cannot dispose of the issues presented in this appeal *without* addressing the termination of Salazar's parental rights.  In Part II. B of its opinion, the majority analyzes the merits of the Department's limitations defense to Salazar's bill-of-review suit to set aside the termination decree and determines that "*this lawsuit is a collateral or direct attack on the order terminating Salazar's parental rights*" and "*[u]nder a plain reading of [section 161.211(b) of the Texas Family Code], Salazar's lawsuit is barred by this statute.*"[8]  The majority cannot dispose of this appeal (or even analyze the issues presented) without determining that Salazar cannot prevail on his suit to set aside the termination decree.  How, then, can the termination of the parent-child relationship not be "in issue" in this case?

In the first part of its opinion the majority concludes that this court has appellate jurisdiction because termination is not in issue and, ironically, in the second part of its opinion, the majority analyzes and disposes of Salazar's challenge to the termination of his parent-child relationship.  In so doing, the majority implicitly acknowledges that which it explicitly denies.

### CONCLUSION

The majority's conclusion that this is not an appeal from a suit in which termination of the parent-child relationship is in issue is belied not only by the plain language of section 109.002(a) and the strong policy considerations that gave rise to its enactment, but also by this court's own merits-analysis of the issues in this appeal. Under the unambiguous language of section 109.002(a), Salazar's appeal of the dismissal

---

[8] *See ante* at pp. 6–7 (emphasis added).

of his bill-of-review proceeding is an appeal from a suit in which the termination of the parent-child relationship is in issue. Therefore, the procedures for an accelerated appeal should apply. Because Salazar failed to file a timely notice of appeal, under the rules of appellate procedure applicable to accelerated appeals, this court did not acquire jurisdiction. And, because this court lacks jurisdiction to consider Salazar's issues challenging the propriety of the trial court's dismissal of his petition for bill of review under section 161.211, this court should dismiss the appeal for lack of jurisdiction.


/s/     Kem Thompson Frost
Justice


Panel consists of Justices Frost, Brown, and Christopher. (Christopher, J., majority).