

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00489-CV

| | | |
|---|---|---|
| In the Interest of C.D.A. and C.E.A., Children | § | From the 323rd District Court |
| | § | of Tarrant County (323-93963J-11) |
| | § | January 24, 2013 |
| | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-12-00489-CV**

IN THE INTEREST OF C.D.A. AND
C.E.A., CHILDREN

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant K.A.'s rights were terminated to his children, C.D.A. and C.E.A., in an order by the trial court on November 30, 2011. Appellant did not file his notice of appeal until December 6, 2012. Because Appellant's notice of appeal was untimely, we dismiss his appeal for want of jurisdiction.

---

[1]*See* Tex. R. App. P. 47.4.

An appeal from an order terminating an appellant's parental rights is an accelerated appeal. Tex. Fam. Code Ann. § 109.002 (West Supp. 2012). Appellant's notice of appeal was therefore due on December 20, 2011, twenty days from the date of the final order. *See* Tex. R. App. P. 26.1(b); *In re L.N.M.*, 182 S.W.3d 470, 473 (Tex. App.—Dallas 2006, no pet.). Appellant's notice of appeal was not filed until December 6, 2012, three hundred and seventy-one days after the order was signed.

On December 14, 2012, we sent a letter to Appellant stating our concern that we lacked jurisdiction over his appeal. We notified Appellant that the appeal may be dismissed for want of jurisdiction unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. Appellant filed a response, but it did not show grounds for continuing the appeal.

Section 161.211 of the family code states that the validity of an order terminating the parental rights is not subject to collateral or direct attack after the sixth month after the date the order was signed. *See* Tex. Fam. Code Ann. § 161.211 (West 2008). Therefore, any filing seeking to collaterally attack the termination order, such as a bill of review, must have been filed before June 2012. To construe his notice of appeal as a bill of review would still not grant this court jurisdiction over the case. Because Appellant did not file his notice of appeal until December 2012, his notice of appeal was untimely, and the termination order is no longer subject to collateral or direct attack. We therefore dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

PER CURIAM

PANEL:  GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DELIVERED:  January 24, 2013