

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00433-CV

_____

IN THE INTEREST OF J.B., A CHILD

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-757266-24

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant B.B. attempts to appeal from the trial court's "Final Order Denying Petition for Bill of Review" signed July 22, 2025, which dismissed B.B.'s petition for bill of review attacking a 2021 order signed by the trial court that terminated her parental rights to her adopted daughter J.B.[1]  B.B.'s notice of appeal was due August 21, 2025.  *See* Tex. R. App. P. 26.1; *see also In re A.A.S.*, 367 S.W.3d 905, 910 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding that appeal of order denying petition for bill of review challenging termination order was not an accelerated appeal but was a "standard appeal"); *In re L.N.M.*, 182 S.W.3d 470, 474 (Tex. App.—Dallas 2006, no pet.) (similar).  But B.B. did not file her notice of appeal until August 22, 2025, making it untimely.  *See* Tex. R. App. P. 26.1.

On August 28, 2025, we notified the parties by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely.  *See id.* We warned that we may dismiss this appeal for want of jurisdiction unless B.B. or any party wanting to continue the appeal filed a response by September 8, 2025, showing a reasonable explanation for the late filing of the notice of appeal.  *See* Tex. R. App. P. 42.3(a), 43.2(f).  We have received no response.

---

[1]We affirmed that termination order in a prior appeal.  *See In re J.B.*, No. 02-21-00239-CV, 2021 WL 6144074, at *27 (Tex. App.—Fort Worth Dec. 30, 2021, pet. denied) (mem. op.).

The time for filing a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when, as here, an appellant acting in good faith files a notice of appeal beyond the time allowed by Rule 26.1 but within the 15-day period in which the appellant would be entitled to move to extend the filing deadline under Rule 26.3. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also* Tex. R. App. P. 26.1, 26.3. But even when an extension motion is implied, the appellant still must reasonably explain the need for an extension. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

Because B.B.'s notice of appeal was untimely and because she did not provide a reasonable explanation for needing an extension, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Terreforte v. Gonzalez*, No. 02-22-00349-CV, 2022 WL 15076264, at *1 (Tex. App.—Fort Worth Oct. 27, 2022, no pet.) (mem. op.).

/s/ Dana Womack

Dana Womack
Justice

Delivered: October 23, 2025

3